# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1538V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
DURENDA WHITEHEAD and                          *
KEYNARD SHAWTELL JOHNSON, SR.,                 *    Chief Special Master Corcoran
on behalf of KSJ, Jr.,                         *
                                               *    Filed: June 5, 2024
              Petitioners,                     *
                                               *
      v.                                       *
                                               *
SECRETARY OF HEALTH                            *
AND HUMAN SERVICES,                            *
                                               *
              Respondent.                      *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Julius Vincent Cook*, Cook & Tolley LLP, Athens, GA, for Petitioners.

*Zoe Wade,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 4, 2018, Petitioners Durenda Whitehead and Keynard Shawtell Johnson, Sr., filed a petition on behalf of their minor son, K.S.J., Jr. ("K.J.") for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). I decided entitlement in Petitioners' favor (ECF No. 42), and then Respondent filed a proffer on January 5, 2024, resulting in an award of damages. Decision Awarding Damages, (ECF No. 73).

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

After some initial calculation errors in the final fees request, Petitioners have now filed an amended motion for a final award of attorney's fees and costs. Amended Application for Fees and Costs, dated June 3, 2024 (ECF No. 76) ("Final Fees App."). Petitioners request a total of $102,169.56, reflecting $82,723.90 in fees incurred for the services of Mr. Julius Cook and associates, plus $19,445.66 in costs. Final Fees App. at 1–2. Respondent reacted to the amended final fees request on June 4, 2024. Response, dated June 4, 2024 (ECF No. 77) ("Response"). Respondent agrees that Petitioners have satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 3-4.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$102,169.56**.

## ANALYSIS

### I. Calculation of Fees

Successful petitioners are entitled to an award of reasonable attorney's fees. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for their attorneys, based on the years work was performed:

| Attorney | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| Julius Cook | $440.00 | -- | $464.00 | $484.00 | $509.00 | -- | -- | -- |
| R. Christopher Irwin | $345.00 | $355.00 | $375.00 | $385.00 | $395.00 | $455.00 | $455.00 | $490.00 |
| Lucy Atkinson | $300.00 | $325.00 | $350.00 | $350.00 | $370.00 | $390.00 | $390.00 | $400.00 |

Final Fees App. at 5–15.

Mr. Cook and his colleagues practice in Athens, GA. Although no Program decision has formally found that this jurisdiction should be deemed "in forum," it is arguably located in the general Atlanta metro region (which unquestionably would be considered a forum comparable to Washington, D.C.). Moreover, special masters have deemed lawyers practicing in other mid-size southern cities, such as Birmingham, AL, and Tampa-Sarasota, FL, to meet the "in forum" test. *See Greer v. Sec'y of Health & Hum. Servs.*, No. 16-1345V, 2018 WL 1125695 (Fed. Cl. Spec. Mstr. Jan. 17, 2018) (attorneys located in Birmingham, AL); *Huerta v. Sec'y of Health & Hum. Servs.*, No. 21-2100V, 2024 WL 1859820 (Fed. Cl. Spec. Mstr. Apr. 4, 2024) (attorneys located in Sarasota, FL). Accordingly, these attorneys should also be paid forum rates as established in *McCulloch*. The rates requested for Mr. Cook and his colleagues, given their levels of expertise and specific Program exposure, are otherwise consistent with the Office of Special Masters' fee schedule.[3] I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

**II.    Calculation of Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special

---

[3] Mr. Cook's firm has not litigated in the Vaccine Program prior to this case, but the rates requested are not excessive in light of their overall lack of extensive experience with Vaccine Act claims.

3

masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $19,445.66 in outstanding costs, including the filing fee, medical record retrieval costs, transcripts, mailing costs, fees from a conservatorship law firm, and the work of three experts- two neurology experts (Dr. James Carroll, and Dr. Juanita Neira), and a life care planner, Audrey Cowart. Final Fees App. at 2–3, 19–57.

Dr. Carroll filed two reports in this case. He submitted two invoices, for a total of $2,500 (5 hours of work, billed at a rate of $500 per hour). Final Fees App. at 37–38. Dr. Neira filed one report in this case and testified at the March 2021 hearing. She submitted two invoices, for a total of $3,400.00 (8 hours of work, billed at a rate of $400 per hour and $600 per hour for trial testimony). *Id*. at 39–40. Audrey Cowart prepared the life care plan in this case after entitlement was determined, which included record review, a home visit, several Zoom meetings, and preparation of the report itself. She submitted two invoices, for a total of $6,526.20 (rates varied based on the tasks completed, but average to $245.62 per hour). Final Fees App at 41–42. Finally, the Mitchell Brown & Associates, LLC firm assisted Petitioners with establishing guardianship in this case. They submitted five invoices, for a total of $5,796.00 (rates varied according to staff member). Final Fees App. at 43–57.

All of the costs detailed above are commonly incurred in the Vaccine Program, and are reasonable herein. All requested costs shall also be awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs in its entirety and award a total of **$102,169.56**, reflecting $82,723.90 in fees and $19,445.66 in costs in the form of a check made jointly payable to Petitioners and their attorney, Mr. Julius Cook.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.